IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HARGRAVE | : | |
| *Plaintiff* | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| LOCUS ROBOTICS CORP. | : | |
| *Defendant* | : | **JURY TRIAL DEMANDED** |
| | : | |

## CIVIL ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a claim against Defendant, Locus Robotics Corp., for injuries and damages caused to Plaintiff, Eric Hargrave, by the defective nature of Defendant's product and/or the negligent acts and/or omissions of the Defendant and its agents, servants, employees, workmen and/or representatives.

### II. PARTIES

2. Plaintiff, Eric Hargrave, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 39 Wilford Street, Pittston, PA 18640.

3. Defendant, Locus Robotics Corp., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the Commonwealth of Massachusetts at 301 Ballardvale Street, Wilmington, MA 01887.

4. At all times relevant hereto, the Defendant acted by and through its trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendant.

5. At all times relevant hereto, Defendant, by and through its agents, servants, employees, workmen, and/or other representatives, was regularly engaged in the business of designing, manufacturing, and/or selling automated warehouse robots, including designing, distributing, assembling, marketing, manufacturing, maintaining, providing instruction manuals and warnings for, and/or selling the subject Locus robot involved in Plaintiff's accident hereinafter described, and the component parts thereto.

6. At all times relevant hereto, the Defendant designed, distributed, assembled, marketed, manufactured, repaired, serviced, and/or sold the subject Locus robot, and the component parts thereto, and all instruction manuals and associated warnings.

7. Defendant is liable to Plaintiff because it supplied a defective Locus robot and/or negligently inspected, maintained, serviced and/or repaired the same.

8. On or about December 1, 2022, Plaintiff, Eric Hargrave, was working in the course and scope of his employment with ShipMonk at 285 CenterPoint Boulevard, Pittston, Pennsylvania 18640, and was standing on a stepladder when, suddenly, and without warning, a Locus robot being used to pick items from the aisles on the aforesaid premises malfunctioned and struck the stepladder on which the Plaintiff was standing, ultimately causing him to fall to the ground and sustain various severe and permanent bodily injuries and losses as more fully set forth hereinafter.

**III.    JURISDICTION AND VENUE**

9. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

10. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the Plaintiff's claims occurred within the district.

## COUNT I
## ERIC HARGRAVE v. LOCUS ROBOTICS CORP.
## PRODUCTS LIABILITY – STRICT LIABILITY

12. Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

13. Defendant, Locus Robotics Corp., designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

14. Defendant designed, manufactured, apparently manufactured, prepared, assembled, tested, maintained, promoted, marketed, inspected, assembled, licensed, distributed and/or sold the aforementioned robot and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

15. The accident described herein was caused by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, distribution and/or sale of the aforesaid Locus robot and its component parts.

16. Defendant is strictly liable to Plaintiff as follows:

(a) designing, manufacturing, apparently manufacturing, assembling, licensing, distributing and/or selling the subject Locus robot and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject Locus robot with durable component parts able to withstand normal use;

(c) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject Locus robot and its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly equip the subject Locus robot and its component parts with appropriate safety mechanisms to prevent the accident described above which caused Plaintiff's injuries;

(e) failing to reasonably foresee that subsequent alterations may be made to the subject product, rendering the subject produce unreasonably unsafe to users,

(f) failing to properly design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject Locus robot and its component parts to warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to ensure that the subject Locus robot was safe and free from hidden defects;

(i) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject Locus robot;

(j) failing to ensure that the subject Locus robot and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(k) failing to warn purchasers and end users of the dangers of the subject product;

(l) failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture and/or assembly of the subject product,

        which should have been known to the Defendant prior to the date of Plaintiff's accident;

    (m) failing to use industry-recognized safety specifications in the design and manufacture of the subject Locus robot; and

    (n) any other acts or omissions that may be revealed during discovery.

17. The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

18. At all times relevant hereto, Defendant's aforesaid Locus robot and its component parts were defective and unsafe for consumer use.

19. At all times relevant hereto, there were latent defects in the Defendant's aforesaid Locus robot and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

20. The Defendant designed, manufactured, apparently manufactured, distributed, licensed and/or sold the aforesaid Locus robot and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

21. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

22. In addition, Defendant designed, manufactured, apparently manufactured, distributed and/or sold the subject Locus robot with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

23. In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid Locus robot and its component parts, such as Plaintiff.

24. The defective warnings and instructions caused Plaintiff's injuries.

25. As a result of the aforesaid defective product, Plaintiff, Eric Hargrave, suffered severe and permanent injuries, including, but not limited to, lumbar disc herniations requiring injections and surgical repair, injury of the lumbar, sacral and pelvic sympathetic nerves, lumbar radiculopathy, muscle spasm, cervicalgia; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

26. As a result of the aforesaid defective product, Plaintiff, Eric Hargrave, has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

27. As a further result of the aforesaid incident, Plaintiff, Eric Hargrave, has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

28. As a further result of the aforesaid incident, Plaintiff, Eric Hargrave, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

29. Further, by reason of the aforesaid incident, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

30. As a further result of the accident described herein, Plaintiff, Eric Hargrave, has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

31. As a further result of the aforesaid accident, Plaintiff, Eric Hargrave, has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

32. As a further result of the aforesaid accident, Plaintiff, Eric Hargrave, has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Eric Hargrave, demands judgment in his favor and against Defendant, Locus Robotics Corp., in an amount in excess of $150,000.00.

## COUNT II
## ERIC HARGRAVE v. LOCUS ROBOTICS CORP.
## PRODUCTS LIABILITY - NEGLIGENCE

33. Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

34. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid product, and to sell/distribute that product in a reasonably safe condition.

35. The Defendant was negligent in designing, manufacturing, assembling, marketing, and/or distributing the defectively designed and manufactured product, in general, and in the following particular respects:

(a) carelessly and negligently designing/manufacturing/distributing and/or selling the subject Locus robot in a dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to design and/or manufacture and/or sell the subject product with durable component parts able to withstand normal use;

(c) carelessly and negligently failing to recognize the inherent possibility that the subject Locus robot could malfunction;

7

    (d) carelessly and negligently failing to design and/or manufacture and/or sell the subject Locus robot with appropriate safety mechanism(s) to prevent injury from accidents of the type which caused Plaintiff's injuries;

    (e) failing to ensure that the subject product could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

    (f) failing to use industry-recognized safety specifications in the design and/or sale of the Locus robots;

    (g) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

    (h) failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, distribution, licensing and/or sale of the subject Locus robot and its component parts;

    (i) failing to warn purchasers and end users of the dangers of the aforesaid product;

    (j) failing to properly and adequately test and inspect the subject Locus robot;

    (k) failing to identify and correct dangerous and defective conditions in the subject product; and

    (l) any other acts or omissions that may be revealed during discovery.

36. The aforesaid negligence was the proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

37. As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries and other damages described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Eric Hargrave, demands judgment in his favor and against Defendant, Locus Robotics Corp., in an amount in excess of $150,000.00.

## COUNT III
## ERIC HARGRAVE v. LOCUS ROBOTICS CORP.
## BREACH OF WARRANTY

38. Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

39. By virtue of the manufacture, apparent manufacture, distribution, licensing and/or sale of the subject Locus robot for use by an end user and/or consumer, Defendant warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

40. The subject product, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

41. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject Locus robot was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

42. As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries and other damages described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Eric Hargrave, demands judgment in his favor and against Defendant, Locus Robotics Corp., in an amount in excess of $150,000.00.

        Respectfully,

        **SWARTZ CULLETON PC**

By:   /s/ Brandon A. Swartz
       Brandon A. Swartz, Esquire
       Identification No. 78344
       Matthew E. Gallagher, Esquire
       Identification No. 316086

       547 E. Washington Avenue
       Newtown, PA 18940
       T: (215) 550-6553
       F: (215) 550-6557
       bswartz@swartzculleton.com
       mgallagher@swartzculleton.com

       *Attorneys for Plaintiff*,
       Eric Hargrave

Date: August 31, 2023

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

*[signature]*